## DAVID M. DEFILIPPO *v.* BALFOUR BEATTY CONSTRUCTION, INC.

Superior Court, Judicial District of Fairfield at Bridgeport— File No. CV00-0375580S

Memorandum filed December 4, 2002

*Igor Sikorsky, Jr.,* for the plaintiff.

*Carmody & Torrance,* for the defendant.

## INTRODUCTION

GALLAGHER, J. The plaintiff, David M. Defilippo, is a former employee of the defendant, Balfour Beatty Construction, Inc. In his second revised complaint, the plaintiff alleges that the defendant terminated his employment for having alcohol on his breath. The defendant's policies provide that it can discipline and terminate its employees for reporting to work with a measurable quantity of illegal drugs or alcohol in their systems. The plaintiff alleges that the defendant did not administer a diagnostic test on the plaintiff before terminating his employment and, therefore, violated its own policies and procedures. The defendant did not accuse the plaintiff of consuming alcohol on the job.

The plaintiff's second revised complaint contains three counts: count one alleges wrongful termination; count two alleges negligent infliction of emotional distress; and, count three alleges compelled self-defamation. The defendant moved to strike counts two and three of the plaintiff's second revised complaint. The plaintiff concedes that count two should be stricken in his memorandum in opposition. The court, therefore, will address only the merits of count three.

## DISCUSSION

"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) *Peter-Michael, Inc.* v. *Sea Shell Associates*, 244 Conn. 269, 270, 709 A.2d 558 (1998). "A motion to strike admits all *facts* well pleaded; it does not admit *legal conclusions or the truth or accuracy of opinions* stated in the pleadings." (Emphasis in original; internal quotation marks omitted.) *Faulkner* v. *United Technologies Corp.*, 240 Conn. 576, 588, 693 A.2d 293 (1997). "[I]f facts provable in the complaint would support a cause of action, the

motion to strike must be denied." *Vacco* v. *Microsoft Corp.*, 260 Conn. 59, 65, 793 A.2d 1048 (2002).

In count three, the plaintiff alleges that because the defendant terminated his employment for having alcohol on his breath, he "has been forced to defame himself at any and all instances when he is seeking alternative employment in that he is compelled to state that he was terminated from his employment because his former employer alleged that he was intoxicated on the job." The defendant moves to strike count three on the ground that the Connecticut Appellate Court does not recognize compelled self-defamation as a cause of action. In the alternative, the defendant argues that the plaintiff fails to allege a defamatory statement that was either made by the defendant or actually published by the plaintiff. The plaintiff counters that although the Appellate Court has not recognized self-defamation as a cause of action, the doctrine has been substantially discussed at the trial court level and favorably commented on in some Superior Court decisions.

The plaintiff is correct in stating that the doctrine of self-defamation has been recognized as a cause of action in some Superior Court cases. See, e.g., *Gaudio* v. *Griffin Health Services Corp.*, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. CV91-035730 (December 19, 1991) (7 C.S.C.R. 235) (*Sequino, J.*), aff'd on other grounds, 249 Conn. 523, 733 A.2d 197 (1999); *Lusky* v. *Ashford*, Superior Court, judicial district of Tolland at Rockville, Docket No. CV88-0040406 (June 28, 1989) (4 C.S.C.R. 573, 575) (*Mack, J.*); *Spain* v. *Blue Cross/Blue Shield of Connecticut*, Superior Court, judicial district of New Haven, Docket No. 249522 (March 9, 1987) (2 C.S.C.R. 424) (*Flanagan, J.*). Further, "where . . . the doctrine is sufficiently alleged, the trial courts have been reluctant to strike the complaint on that [ground]. See *Spain* v. *Blue Cross/ Blue Shield* [*of Connecticut*, supra, 424] and *Lusky* v.

*Ashford*, [supra, 4 C.S.C.R. 573]." *Gaudio* v. *Griffin Health Services Corp.*, supra, 236.

Turning to the defendant's second argument: "To maintain an action for defamation, there must be an unprivileged publication of false and defamatory matter which is actionable per se or which results in special harm to another. . . . Generally, there is no publication where the defendant communicates the slanderous statement directly to the plaintiff who then communicates it to a third party. . . . The self-defamation doctrine is a narrow exception to the above rule requiring publication to a third party. . . . [T]he publication requirement may be satisfied where the plaintiff is compelled to publish a slanderous statement to a third party if it was reasonably forseeable to the defendant that the plaintiff would be so compelled." (Citations omitted; internal quotation marks omitted.) *Anderson* v. *Gamma One, Inc.*, Superior Court, judicial district of New Haven, Docket No. CV95-0376916S (November 7, 1995) (*Zoarski, J.*). "This cause of action for self defamation requires that a defamatory statement be communicated to one other than the plaintiff, and that the plaintiff communicated the statement under compulsion. . . . There is no liability to an employer for a plaintiff voluntarily repeating to third parties information believed by the plaintiff to be defamatory." (Internal quotation marks omitted.) *Stewart* v. *Cendant Mobility Services Corp.*, Superior Court, judicial district of Danbury, Docket No. CV00-0337994S (February 21, 2002) (*Radcliffe, J.*). "The courts which have recognized self-defamation, have all required that the employer communicate a defamatory statement to the employee in connection with the termination." *Grynkiewicz* v. *Freight Liner of Hartford*, Superior Court, judicial district of New Britain, Docket No. CV99-0497586S (January 12, 2000) (*Aurigemma, J.*).

## CONCLUSION

In the present case, the plaintiff alleges he has been forced to defame himself whenever he seeks employment because he is compelled to state that the defendant terminated his employment because the defendant thought he was intoxicated on the job. Construed broadly, this is sufficient to sustain a claim of defamation by self-publication. The plaintiff has alleged a slanderous statement, i.e., he was intoxicated at work, and that he has been compelled to publish this statement when seeking alternative employment. It is reasonably foreseeable that a construction worker who is accused of being intoxicated at work would be compelled to tell prospective employers of this allegation. The defendant's motion to strike is, therefore, denied on this ground.

The defendant's motion to strike counts two and three of the plaintiff's second revised complaint is granted as to count two and denied as to count three.